Teddy L. LAURENCE, Plaintiff–
Appellant,

v.

STATE of Colorado; Aristedes Zavares, Director of Department of Corrections for the State of Colorado, Defendants–Appellees.

No. 94CA1145.

Colorado Court of Appeals,
Div. II.

Aug. 24, 1995.

Rehearing Denied Dec. 7, 1995.

Cornish and Dell'Olio, Donna Dell'Olio, Colorado Springs, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., William Higgins, Asst. Atty. Gen., Denver, for defendants-appellees.

§ 24–51–1105, C.R.S. (1994 Cum.Supp.).

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, § 5(3), and

Opinion by Judge CRISWELL.

In this action to recover compensation for overtime work, plaintiff, Teddy L. Laurence, appeals the judgment dismissing all of his claims against defendants the State of Colorado and the Colorado Department of Corrections (the State). We reverse and remand for further proceedings.

Plaintiff, an employee of the Department of Corrections, filed an overtime wage grievance with the Department of Personnel pursuant to the procedural provisions of § 24–50–143, C.R.S. (1994 Cum.Supp.). While the administrative proceeding was pending, plaintiff filed suit in the district court, seeking to recover the same overtime wages both under ordinary contract principles and under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (1988 & 1993 Supp. V) (FLSA).

The state moved to dismiss all of the claims asserted on the ground that plaintiff had failed to exhaust his administrative remedies, as required by § 24–50–143(2), C.R.S. (1994 Cum.Supp.). This statute purports to require a state employee to appeal any question relating to overtime compensation to the state personnel director and to prohibit the commencement of any action in any court of this state "concerning overtime eligibility, overtime work, or compensation therefor without first exhausting the [administrative] proceedings and remedies available" under the statute. The trial court granted the motion, and all of the claims asserted, including plaintiff's FLSA claim, were dismissed, based upon this state statute.

Plaintiff does not challenge the dismissal of his contract claims. However, he contends that the trial court erred in dismissing his claim asserted under the FLSA. We agree.

The enforcement provisions of the FLSA, 29 U.S.C. § 216 (1988), create a private right of action for any violation either of the minimum wage and equal pay provisions of the FLSA (29 U.S.C. § 206 (1988)) or of the maximum hours and overtime pay provisions of that act (29 U.S.C. § 207 (1988)).

Under those enforcement provisions, an employee may institute suit under the equal pay provisions of the FLSA without first exhausting any available federal or state administrative remedial procedures.

*Ososky v. Wick,* 704 F.2d 1264 (D.C.Cir.1983) (federal administrative procedures); *AFSCME, AFL–CIO v. County of Nassau,* 609 F.Supp. 695 (E.D.N.Y.1985) (state procedures). And, while we have discovered no decision speaking directly to the question of the necessity to exhaust any available administrative proceedings in an overtime wage claim case, there exists nothing within any of the provisions of the federal act that would justify treating such a claim, for enforcement purposes, differently from an equal pay claim; both types of claims are governed by the same enforcement provisions.

Further, the conclusion that an employee need not exhaust any available state administrative procedures is consistent with the general rule that a state may not impose additional conditions upon the exercise of a federal right. *Felder v. Casey,* 487 U.S. 131, 151, 108 S.Ct. 2302, 2313, 101 L.Ed.2d 123, 146 (1988) ("[T]he very notions of federalism upon which respondents rely dictate that the State's outcome-determinative law must give way when a party asserts a federal right in state court."); *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (exhaustion of state administrative remedies by public employee is not required before asserting judicial claim under federal statute for violation of civil rights).

We conclude, therefore, that federal law, which grants plaintiff the right to assert a federal claim in state court for unpaid overtime compensation, also prohibits the State from requiring him to exhaust any available state administrative remedies before seeking enforcement of that federal right.

The State concedes that § 24–50–143(2) cannot operate to abrogate or limit any rights created by the federal statute. The State argues, however, that this statute should be construed so as to avoid any conflict with the FLSA. Specifically, the State contends that it should be construed to mean that, when an employee initiates administrative proceedings pursuant thereto, such action shall have the effect of preserving any rights which would have accrued had the employee contemporaneously filed a lawsuit under the FLSA.

However, the state personnel director has no authority to render any determinative or

binding decision with respect to an employee's eligibility for overtime compensation under the FLSA. Indeed, § 24–50–143(2) makes clear that any judicial proceedings to review the director's decision are to be conducted on a purely *de novo* basis. Hence, even if this statute could be interpreted to preserve federal rights, as the State argues, nevertheless, to require an employee to engage in substantially meaningless administrative proceedings before asserting a federal statutory right in a state court would constitute the imposition upon that federal right of an unreasonable condition. *See Felder v. Casey, supra* (plaintiff cannot be required to provide notice of claim under state sovereign immunity statute before instituting suit under federal civil rights statute).

The judgment dismissing plaintiff's FLSA claim is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

JONES and CASEBOLT, JJ., concur.